IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERRI V. STRICKLAND,

    Plaintiff,

      v.

TYLER PERRY,

    Defendant.

CIVIL ACTION FILE
NO. 1:15-CV-3400-TWT

**OPINION AND ORDER**

This is a copyright infringement case. It is before the Court on the Defendant's

Motion for Judgment on the Pleadings [Doc. 16]. For the reasons stated below, the

Defendant's Motion for Judgment on the Pleadings is GRANTED.

## I. Background

The Plaintiff, Terri Strickland, formerly known as Terri Donald, wrote a book

called <u>Bad Apples Can Be Good Fruit</u>.[1] The Plaintiff obtained a copyright for the book

and then published the book for sale.[2] The Plaintiff alleges that the Defendant, Tyler

---

[1]    Compl. ¶¶ 3, 7.

[2]    <u>Id.</u> ¶¶ 10-11.

Perry, received a copy of the book and adapted it into his movie "Good Deeds."[3] On November 13, 2012,  the Plaintiff, under the name Terri V. Donald, filed an action against Tyler Perry Studios and Lions Gate Entertainment Corp. ("the Prior Action").[4] The Prior Action alleged that Tyler Perry's movie, "Good Deeds," infringed the copyright of the Plaintiff's book, Bad Apples Can Be Good Fruit.[5] On August 21, 2013, Judge Pauley in the Southern District of New York held that the book and the movie had no substantial similarities and granted a motion for judgment on the pleadings.[6] The Plaintiff now brings this current action against Tyler Perry individually, alleging again that he infringed the copyright of Bad Apples Can Be Good Fruit. The Defendant moves for judgment on the pleadings.

## II. Legal Standard

A motion for judgment on the pleadings is subject to the same standard as is a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A complaint should be dismissed under Rule 12(b)(6) only where it

---

[3]    Id. ¶ 12.

[4]    Def.'s Ans., Ex. 3.

[5]    Id., Ex. 3 ¶¶ 19-23.

[6]    Id., Ex. 7, at 27.

appears that the facts alleged fail to state a "plausible" claim for relief.[7] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[8]  In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff.[9]  Generally, notice pleading is all that is required for a valid complaint.[10]  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[11]

---

[7]     Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[8]     Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted).

[9]     See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[10]     See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[11]     See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III. Discussion

The Defendant moves for judgment on the pleadings on the ground that the complaint in this action is barred by collateral estoppel. Collateral estoppel requires that:

> (1) the issue at stake in a pending action is identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.[12]

Collateral estoppel does not require identity of the parties in both the present and prior litigation.[13] "Defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely 'switching adversaries.'"[14]

Here, the Plaintiff, under the name Terri V. Donald, filed an action against Tyler Perry Studios and Lions Gate Entertainment Corp. on November 13, 2012.[15] That action alleged that Tyler Perry's movie, "Good Deeds," infringed the copyright

---

[12]    Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1293 (11th Cir. 2003).

[13]    Blonder-Tongue Labs., Inc. v. University of Ill. Foundation, 402 U.S. 313, 350 (1971).

[14]    Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329 (1979).

[15]    Def.'s Ans., Ex. 3.

of the Plaintiff's book, <u>Bad Apples Can Be Good Fruit</u>.[16] On August 21, 2013, Judge Pauley in the Southern District of New York held that the book and the movie had no substantial similarities and dismissed the copyright infringement claim.[17] The issue there, specifically whether the works at issue are substantially similar, is identical to the issue here. The issue was actually litigated. The parties briefed the issue and the court held a hearing. The determination of the issue was critical and necessary to the resolution of the Prior Action – it was enough to end the case. And finally, the Plaintiff had a full and fair opportunity to litigate the issue, including full briefing and a hearing on the matter, all while represented by counsel. The Plaintiff is attempting to do exactly what collateral estoppel is meant to prevent – switching the defendant in order to relitigate an issue. Because the already-litigated issue of substantial similarity decides the case here as well, the Plaintiff's claims are barred by collateral estoppel. The Defendant's motion for judgment on the pleadings should be granted. This case should be dismissed.

### IV. Conclusion

For the reasons stated above, the Defendant's Motion for Judgment on the Pleadings [Doc. 16] is GRANTED.

---

[16]     <u>Id.</u>, Ex. 3 ¶¶ 19-23.

[17]     <u>Id.</u>, Ex. 7, at 27.

SO ORDERED, this 24 day of March, 2016.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge